(No. 82-CC-2380–)

BERNARD COLVIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 18, 1983.*

BERNARD COLVIS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This matter comes before the Court on the Claimant's complaint and the Respondent's stipulation as to facts, and the Court being duly advised in the premises, finds:

The Claimant, Mr. Colvis, had property damaged or destroyed on or about 6:50 a.m. on July 3, 1981, when cattle, owned by the Menard Correctional Center, escaped from their pasture through an opening in a fence.

This opening had been made in the fence the day before by a resident of the correctional system who had been mowing the right-of-way. The Menard Correctional Center was contacted at 6:00 a.m. by Mrs. Everett Spinner, who reported at that time that the cattle were loose on Old Route #3. Menard Correctional Center employees failed to respond to this phone call until 7:20 a.m., at which time the Claimant's peach and nectarine trees had been destroyed by the cattle who found the grass to be greener on Mr. Colvis' side of the fence. These facts were supported by the Claimant's verified complaint, and by an affidavit given by the agricultural manager of the Illinois Correctional Industries, William D. Beaty, a copy of which was attached to the Respondent's stipulation.

The Respondent, State of Illinois, concedes liability for loss of Mr. Colvis' property to the extent agreed upon in the stipulation. Both parties agree that the value of the lost property amounted to $1,030.00 and that this amount was determined by the area advisor for the Illinois Cooperative Extension Service, College of Agriculture, University of Illinois at Champaign/Urbana, Mr. Chris Doll.

No other evidence, either oral or written, was presented to the Court by the Respondent, and the Respondent waived briefs. The Respondent, State of Illinois, agreed to the granting of the award to the Claimant, Bernard Colvis, in the amount of $1,030.00, provided that this award would constitute full and final satisfaction of the claim herein or any other claim arising out of the same occurrence.

While this Court is not necessarily bound by a stipulation such as this, it has no desire to interpose a controversy where none appears to exist. The stipulation

submitted by the Respondent appears to have been entered into freely and fairly and its contents appear to be reasonable. The Respondent has stipulated to the entire amount of the award requested by the Claimant, and the Claimant has filed no objections thereto. The Court, therefore, finds no reason not to accept the stipulation and to follow its recommendation for an award in the amount of $1,030.00.

It is hereby ordered, that the Claimant, Bernard Colvis, is hereby awarded the amount of $1,030.00 in full and final satisfaction of this instant claim.